UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
UNITED STATES OF AMERICA,

                Plaintiff,

      -against-

JAVIER RIVERA,

                Defendant.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

**MEMORANDUM & ORDER**
**08-CR-115 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are Javier Rivera's petition for habeas corpus relief pursuant to 18 U.S.C. § 2255 (Dkt. 504) and motion for reduction in sentence (Dkt. 548), as well as the government's motion to reinstate dismissed charges pursuant to 18 U.S.C. § 3296. (Dkt. 602.) For the reasons discussed below, Rivera's motion for reduction in sentence is DENIED; Rivera's section 2255 petition is GRANTED; and the government's motion to reinstate dismissed charges is DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

### A. Initial Proceedings

On November 3, 2009, Rivera was indicted by a grand jury on five charges, including (as relevant here) Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a) ("Count One"); use of a firearm during and in relation to Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) ("Count Two"); and conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841 and 846 ("Count Three"). (*See* Superseding Indictment (Dkt. 78).) On October 31, 2013, Rivera pleaded guilty to Count Two and a lesser-included offense of Count Three. Pursuant to a plea agreement, the government ultimately moved to dismiss the remaining counts (Counts One, Four, and Five). (*See* Oct. 31, 2013 Minute

Entry (Dkt. 387); *see also* Ex. C to Gov't Resp. in Opp. (Dkt. 602-3) ("Sentencing Transcript") at 26.)

Through an interpreter, the court engaged in an extensive plea colloquy with Rivera. (*See* Ex. B to Gov't Resp. in Opp. (Dkt. 602-2) at 5.) Rivera and his attorney confirmed Rivera's full understanding of all the rights that would be waived by, and the consequences of, a guilty plea before entering the plea. (*Id.*; *see also id.* at 8-12.) The court also discussed the contents and impact of the plea agreement with Rivera; confirmed that Rivera was provided a copy of the agreement translated into Spanish; and determined that the agreement had been validly executed by both Rivera and the government. (*Id.* at 12-13.) The court specifically highlighted to Rivera the presence of a waiver of right to appeal or bring collateral attack on the conviction or sentence for any reason if the sentence awarded was 288 months or fewer. (*Id.* at 22-23.) Rivera confirmed his understanding of this provision. (*Id.* at 23.)

Rivera was sentenced on March 22, 2016. (*See* Mar. 22, 2016 Minute Entry (Dkt. 470).) Count Two carried a mandatory consecutive sentence of ten years; for Count Three, the agreed guidelines range was 97 to 121 months. (*See* Sentencing Transcript at 6.) The court sentenced Rivera to the mandatory ten-year sentence on Count Two and 121 months on Count Three, to be served consecutively. (*Id.* at 25.)[1]

### B. The Present Motions

On April 14, 2016, Rivera appealed his conviction and sentence to the Second Circuit. (*See* Notice of Appeal (Dkt. 481).)

---

[1] A typo in the sentencing transcript indicated a sentence of 121 months on Count Two. (Sentencing Tr. at 25.) This was corrected to 120 months in the Judgment. (*See* Dkt. 479.)

2

On June 15, 2016, Rivera, filed a motion pursuant to 28 U.S.C. § 2255, requesting that his conviction under section 924(c) be vacated, as Hobbs Act conspiracy was not a crime of violence under the analysis of *Johnson v. United States*, 576 U.S. 591 (2015). (Dkt. 504.) On July 29, 2019, Rivera filed an additional motion, styled as a motion for reconsideration but properly understood as a supplement to his § 2255 petition, which requested the court review his conviction under section 924(c) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held unconstitutional the provision of section 924(c) under which Rivera was sentenced. (*See* Dkt. 587.)[2]

On July 11, 2018, Rivera filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (*See* Dkt. 548 ("Mot. for Reduced Sentence").) On August 2, 2019, Rivera filed a letter further asking the court to reconsider its decision to impose a sentence running consecutively to his then-ongoing state sentence, (Dkt. 587), and on August 9, 2019, added that Rivera should be credited for time spent in federal custody "prior to the date the sentence commences" pursuant to 18 U.S.C. § 3585(b)(1). (Dkt. 589.) The court directed the government to respond to both the motion for reduction in sentence and the petition, (*see* Dkt. 588), and the government filed an opposition to both motions on September 25, 2019. (Dkt. 602 ("Opp.").) Rivera filed a reply on September 30, 2019. (Dkt. 603.)

Additional filings were submitted by both parties regarding the issues raised in the motion for reduction of sentence and petition for habeas corpus. (*See* Aug. 9, 2019 Def. Supp. (Dkt. 589); July

---

[2] *Johnson* held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act a different statute from the one at issue here, was unconstitutional. *Johnson*, 576 U.S. at 606. In *Davis*, the Supreme Court extended the same analysis to the residual clause in section 924(c), the provision relevant to Rivera's conviction. *Davis*, 139 S. Ct. at 2336.

3

21, 2020 Def. Supp. (Dkt. 624); Aug. 3, 2020 Def. Supp. (Dkt. 626); Aug. 10, 2020 Gov't Supp. (Dkt. 627); Dec. 16, 2021 Def. Supp. (Dkt. 664); Mar. 24, 2022 Def. Supp. (Dkt. 669); July 1, 2022 Def. Supp. (Dkt. 673); Oct. 27, 2022 Def. Supp. (Dkt. 678).)

In its opposition, the government argued in part that disposition of Rivera's motions should await resolution of the pending appeal. (Opp. at 1, 6.) On August 14, 2020, the court declined to consider Rivera's motion and petition during the pendency of the appeal. (*See* Aug. 14, 2020 Text Order.) On August 17, 2021, Rivera's appeal was withdrawn. (Mandate (Dkt. 658).)

## II. LEGAL STANDARD

A court, upon motion of the defendant, may reduce the term of imprisonment for a defendant that was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," where warranted by the sentencing factors provided in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(2).

28 U.S.C. 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Any constitutional error must have had "substantial and injurious effect" causing "actual prejudice."

*Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

### III. DISCUSSION

#### A. Motion for Sentence Reduction

Rivera moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows the court to take into consideration a downward revision to the applicable sentencing guidelines which took effect after the defendant was sentenced. Specifically, Rivera points to Amendment 782, which took effect on November 1, 2014. (Mot. for Reduced Sentence at 2.) Amendment 782 generally reduced the base offense levels within Section 2D1.1(c) of the United States Sentencing Guidelines, under which Rivera was sentenced, by two levels. *See* U.S. Sentencing Comm'n, "Amendment 782" (Nov. 1, 2014), https://www.ussc.gov/guidelines/amendment/782.

Rivera was sentenced on March 22, 2016, nearly one and a half years after Amendment 782. (*See* Mar. 22, 2016 Minute Entry.) As reflected by the Sentencing Transcript, the parties stipulated to the relevant base offense level in effect at that time. (Sentencing Transcript at 8.) Accordingly, the effect of Amendment 782 was already properly included in Rivera's calculated guidelines range and 18 U.S.C. § 3582(c)(2) does not apply.[3] Therefore, Rivera's motion for a reduced sentence is DENIED.

---

[3] Rivera's remaining arguments regarding his sentence—(1) that the court should reconsider the decision to impose the federal sentence consecutive to his then-ongoing state custody, and (2) that he should be credited for time in custody prior to commencement of the sentence—may be raised in advance of resentencing and will be addressed at that stage.

### B. Petition for Habeas Relief

#### 1. Waiver of Collateral Attack

The government argues that Rivera's section 2255 motion is barred by a waiver provision included in his plea agreement. (*See* Opp. at 7-8.) That waiver read:

> The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 288 months or below. This waiver is binding without regard to the sentencing analysis used by the Court.

(*See* Ex. A to Opp. (Dkt. 602-1) ¶ 4.) As discussed above, the court imposed a combined sentence on Counts Two and Three of 241 months, below the 288-month threshold.

"Waiver[s] of the right to bring a motion to vacate under section 2255 [are] enforceable as long as the petitioner's waiver is knowing and voluntary." *Elliott v. United States*, No. 17-CR-128 (ARR), 2019 WL 6467718, at *3 (E.D.N.Y. Dec. 2, 2019); *see also Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) ("A defendant's knowing and voluntary waiver of the right to . . . collaterally attack his conviction and/or sentence is enforceable."). "[C]ircumscribed" exceptions to the enforceability of such waivers exist, *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000), including "[a] violation of fundamental right." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011).

To determine whether this exception applies, a court must consider "the nature of the right at issue." *Id.* at 148. Accordingly, the question facing the court is whether "the due process right implicated when a new rule changes the scope of the underlying criminal proscription such that a defendant stands convicted of an act that the law does not make criminal" is a fundamental right. *Leyones v. United States*, No. 10-CR-743 (ARR), 2018 WL

6

1033245, at *3 (E.D.N.Y. Feb. 22, 2018) (quoting *Welch v. United States*, 578 U.S. 120, 131 (2016)).

The court believes this right is a fundamental right. Due to the Supreme Court's decision in *Davis*, as discussed *infra*, Rivera is currently incarcerated in part for a conviction on the basis of conduct that is not criminal. *Bousley v. United States*, 523 U.S. 614, 620, 627 (1998) (Stevens, J., concurring) ("Petitioner's conviction and punishment on the § 924(c) charge are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and presents exceptional circumstances that justify collateral relief under 28 U.S.C. § 2255."). It would be fundamentally unfair to require he remain in prison for conduct not reached by the statute, in reliance on a waiver to which he agreed at a time when he could not have known the statute did not extend to his actions. Further, a number of courts in this district have determined that collateral attack waivers cannot bar a challenge to a conviction under *Davis*.[4] *See, e.g., Bonilla v. United States*, No. 07-CR-97, 2020 WL 489573, at *3 (E.D.N.Y. Jan. 29, 2020) ("To block [the defendant] from asserting this [*Davis*] claim on purely procedural grounds would irreparably discredit the federal courts[.]"); *United States v. McCarron*, No. 15-CR-257 (ADS) (AYS), 2020 WL 2572197, at *4 (E.D.N.Y. May 20, 2020); *United States v. Lewis*, No. 10-CR-622 (ADS), 2020 WL 2797519,

---

[4] Some district courts have reached the opposite conclusion. *See, e.g., Elliott v. United States*, 2019 WL 6467718, at *4 (E.D.N.Y. Dec. 2, 2019); *United States v. Mazara*, No. 10-CR-281 (JMA), 2023 WL 144128, at *5 (E.D.N.Y. Jan. 10, 2023). These cases, however, generally do not discuss whether enforcing the waiver would implicate an issue of fundamental rights. Absent contrary instruction from the Second Circuit, *see Lewis*, 2020 WL 2797519, at *5 ("The Second Circuit has yet to address whether a *Davis* claim, in and of itself, vitiates an appeal waiver."), this court is more persuaded by the argument set forth above and will join those decisions in following the Second Circuit's guidance that "[a] violation of a fundamental right warrants voiding an appeal waiver." *Riggi*, 649 F.3d at 147.

7

at *5-6 (E.D.N.Y. May 22, 2020); *Negron v. United States*, 520 F. Supp. 3d 296, 303 (E.D.N.Y. 2021); *Scalisi v. United States*, No. 10-CR-46 (HG), 2022 WL 4058946, at *3 (E.D.N.Y. Sept. 2, 2022).

The government overlooks the Second Circuit's instruction regarding the impact of a waiver on fundamental rights, instead relying on *Sanford v. United States*, 841 F.3d at 578.. In *Sanford*, the Second Circuit determined that a collateral attack waiver barred a challenge to a sentence based on the residual clause in United States Sentencing Guidelines § 4B1.2(a)(2). *Id.* at 579, 581. That residual clause, like the one in section 924(c), had been held unconstitutional in *Johnson v. United States*, 576 U.S. at 606. But unlike in *Davis*, the provision at issue in *Johnson* related not to the constitutional propriety of convictions for the offense conduct, but to the appropriate application of a sentencing enhancement. Accordingly, in *Sanford*, there was no question of whether the defendant could be constitutionally incarcerated for the conduct at issue—only of *how long* that incarceration would be—and therefore no question of fundamental right. As a result, adherence to the general rule that "[a] defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable," notwithstanding a subsequent change in law, did *not* implicate a fundamental right, and thus fully resolved the issue before the court. *Sanford*, 841 F.3d at 580. A different result is required here.

Therefore, the court holds that the collateral attack waiver in Rivera's plea agreement is voidable, and the court may reach the merits of the section 2255 petition.

### 2. *United States v. Davis*

Rivera argues that his conviction on Count Two, pursuant to 18 U.S.C. § 924(c), should be vacated pursuant to the Supreme

Court's decision in *United States v. Davis*, 139 S. Ct. at 2319. Section 924(c) imposes a mandatory sentence for possession, brandishing, or use of a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A) (imposing mandatory sentences of five years for possession, seven years for brandishing, and ten years for discharging the weapon). The statute defines "crime of violence" in two ways: (1) any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (2) any felony that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(2).

The second clause of that definition, referred to as the residual clause, was held unconstitutional for vagueness in *Davis*. 139 S. Ct. at 2336. The residual clause required courts to "estimat[e] . . . the degree of risk posed by a crime's imagined 'ordinary case,'" and therefore allowed section 924(c) convictions to rely on at least some purported "crimes of violence" that involved no violence. *Id.* at 2326. As a result, to be a "crime of violence" post-*Davis*, "a crime must *categorically* involve the use of force." *United States v. Capers*, 20 F.4th 105, 117 (2d Cir. 2021) (citing *Taylor v. United States*, 495 U.S. 575, 588-90 (1990)). "In other words, it is not enough that the evidence in the case shows that the defendant committed the charged predicate crime in a way that involved the use of force (as, indeed, it did here). Instead, the predicate crime must be one whose elements are defined in such a way that the crime must, in every instance, by its very definition, involve the use of force." *Id.*

The Second Circuit has interpreted *Davis* as announcing a substantive rule that "applies retroactively to petitioners who . . . seek collateral review of their convictions." *Hall v. United States*, __ F. 4th __, 2023 WL 307429, at *5 (2d Cir. Jan. 19, 2023). Accordingly, the court must apply the rule set forth in *Davis* to

9

Rivera's conviction on Count Two. Under this analysis (commonly known as the elements analysis rather than the categorical approach), Count Two cannot stand unless the predicate for the 924(c) charge is a crime of violence under the first clause of that term's definition.

Count One of the Superseding Indictment, which charged Rivera with Hobbs Act conspiracy, served as the predicate for his 924(c) conviction. (*See* Superseding Indictment.) It is already well established that conspiracy, including Hobbs Act conspiracy is not a crime of violence under an elements analysis. *See Hall*, 2023 WL 307429, at *6 ("[V]acatur of Hall's section 924(c) conviction is required because under *Davis* and *Taylor* neither Hobbs Act conspiracy nor attempted Hobbs Act robbery is a valid predicate crime."); *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019) ("We are obliged to vacate Barrett's Count Two conviction because *Davis* precludes us from concluding, as we did in our original opinion, that Barrett's Hobbs Act robbery conspiracy crime qualifies as a § 924(c) crime of violence."); *see also Davis*, 139 S. Ct. at 2324 (noting that the defendants' convictions were predicated on Hobbs Act conspiracy).

The government concedes that, "[i]f the court were to conclude that the defendant's section 2255 petition was not barred as waived by his plea agreement, the Court should vacate his conviction under Count Two." (Opp. at 8.) The court has reached exactly that conclusion. Therefore, and for the reasons set forth above, Rivera's conviction on Count Two, for discharge of a firearm during and in relation to or in furtherance of a crime of violence, is VACATED.

3. Reinstatement of Charges

The government states that, if the court vacates Rivera's conviction on Count Two, it "moves under 18 U.S.C. § 3296 to reinstate

10

the additional counts of the indictment that were dismissed pursuant to the plea agreement." (Opp. at 8.) Section 3296 provides that

> any counts of an indictment or information that are dismissed pursuant to a plea agreement shall be reinstated by the District Court if—
>
> (1) the counts sought to be reinstated were originally filed within the applicable limitations period;
>
> (2) the counts were dismissed pursuant to a plea agreement approved by the District Court under which the defendant pled guilty to other charges;
>
> (3) the guilty plea was subsequently vacated on the motion of the defendant; and
>
> (4) the United States moves to reinstate the dismissed counts within 60 days of the date on which the order vacating the plea becomes final.

18 U.S.C. § 3296(a). The plain language of the statute requires reinstatement where all four elements are satisfied. *Id.* ("any counts . . . that are dismissed . . . *shall* be reinstated") (emphasis added). Three of those elements appear to be met here: Rivera raises no claim that the counts were beyond the statute of limitations when originally filed; Counts One, Four, and Five of the Superseding Indictment were dismissed pursuant to Rivera's guilty plea; and Rivera's guilty plea on Count Two has been vacated by this order.[5] However, the government made its motion

---

[5] It is unclear whether this is sufficient to establish that "the guilty plea was subsequently vacated," as only one count of conviction is vacated by this order; the guilty plea to Count Three remains in place. In *United States v. Johnson*, 420 F. Supp. 3d 462 (E.D. Va. 2019), for example, the court noted it had "effectively vacated the Defendant's guilty plea" by vacating the convictions on "the only counts [the defendant] pled guilty to," indicating the

11

prior to any order vacating the plea, and therefore this request is DENIED WITHOUT PREJUDICE as premature.

The government is free to renew its motion to reinstate Counts One, Four and Five of the Superseding Indictment, and Rivera will be provided the opportunity to respond. The court notes, however, that judicial resources and those of the parties could be preserved by proceeding directly to resentencing on Count Three rather than reopening the Superseding Indictment for negotiation of a new plea agreement or pursuing a trial on charges originally brought in 2008. Count Three charged a violation of 21 U.S.C. §§ 841 and 846 and carries a statutory maximum sentence of forty years, allowing the court to impose the same

---

statutory requirement was only satisfied where the entire guilty plea, meaning all the counts of conviction, was vacated. *Id.* at 469. *But see Ricks v. United States*, 921 F. Supp. 2d 501, 503 (E.D.N.C. 2013) (holding that "the practical effect of vacating petitioner's conviction on Count One undoes the plea agreement and hence petitioner's guilty plea," notwithstanding that another count of conviction remained in place). In a similar case to this one, the Fourth Circuit declined to bar a collateral challenge to one of the counts of conviction where the petitioner claimed actual innocence. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (noting the Fourth Circuit "will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice."). The decision specifically "note[d] our concern with the government's suggestion . . . [that] the government would seek to reinstate the dismissed counts against [the defendant] pursuant to 18 U.S.C. § 3296" and pursue a harsher sentence. *Id.* at 184-85. Although the government here has indicated no desire to lengthen Rivera's sentence, the Fourth Circuit specifically attributed its concern with vindictive prosecution to the fact that the defendant's convictions on other counts remained in force, so "nothing in our opinion today requires the district court to lessen [the defendant's] current sentence." *Id.* at 185.

To the court's knowledge, this would be an issue of first impression within this circuit, and would therefore need to be addressed on any motion to reinstate charges under section 3296.

sentence if it so determines.[6] At the same time, resentencing would also allow for consideration of Rivera's procedural arguments for a reduction in sentence, as well as the submission of updated material regarding the section 3553(a) factors, which are currently not reflected in the record.

## IV. CONCLUSION

For the aforementioned reasons, Rivera's motion for a reduced sentence is DENIED, Rivera's section 2255 petition to vacate his conviction on Count Two is GRANTED, and the government's motion to reinstate Counts One, Four, and Five pursuant to section 3296 is DENIED WITHOUT PREJUDICE as premature.

SO ORDERED.

Dated:   Brooklyn, New York
         February 2, 2023

                                             s/Nicholas G. Garaufis
                                             _____
                                             NICHOLAS G. GARAUFIS
                                             United States District Judge

---

[6] At Rivera's original sentencing, the court expressed that the offense conduct raised in this case may warrant an upward variance from the guidelines, even accounting for the mandatory sentence for section 924(c), (see Sentencing Tr. at 16), and ultimately awarded the top end of the guidelines range on Count Three. (*Id.* at 8, 25.)